**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| BRUNGARD, SHARON R | ) | |
| | ) | CASE NO. 07-08717 |
| | ) | |
| | ) | JUDGE MANUEL BARBOSA |
| Debtor(s) | ) | |

**NOTICE OF FILING OF THE TRUSTEE'S FINAL REPORT, HEARING ON
APPLICATIONS FOR COMPENSATION, AND HEARING ON THE ABANDONMENT
OF PROPERTY BY THE TRUSTEE)**

TO the Debtor(s), Creditors, and other Parties in Interest:

1. NOTICE IS HEREBY GIVEN that the Trustee of the above captioned case has filed a Trustee's Final Report and final applications for compensation. A hearing will be held.

    At:    U.S. BANKRUPTCY COURT
              Kane County Courthouse
              100 S. 3rd Street, Room 140
              Geneva, IL  60134

    on:   **February 21, 2008**
    at:    **10:00 a.m.**

2. The hearing will be held for the purpose of ruling on any objections to the Final Report, ruling on applications for compensation and expenses and any objections to the pending applications and transacting such other business as may be properly notices before the Court. ATTENDANCE BY THE DEBTOR AND CREDITORS IS WELCOMED BUT IS NOT REQUIRED.

3. The Trustee's Final Report shows total:

    a. Receipts        $      47,423.69

    b. Disbursements        $      0.00

    c. Net Cash Available for Distribution        $      47,423.69

4. Applications for administration fees and expenses have been filed as follows:

| Applicant | Compensation Previously Paid | Fees Now Requested | Expenses |
|---|---|---|---|
| JOSEPH R. VOILAND Trustee | $ | $ 5,492.37 | $ |
| JOSEPH R. VOILAND Trustee | $ | $ | $ 259.52 |

5. In addition to the fees and expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in full for there to be any dividend to general unsecured creditors. The priority dividend is anticipated to be 0.00%.

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| | | | |

6. Claims of general unsecured creditors totaling $45,531.48, have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The general unsecured dividend is anticipated to be $91.52%.

Allowed general unsecured claims are as follows:

| Claim Number | Claimant | Allowed Amount of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Target National Bank | $ 1,841.17 | $ 1,685.09 |
| 2 | Chase Bank USA | $ 2,361.23 | $ 2,161.07 |
| 3 | Chase Bank USA | $ 3,839.76 | $ 3,514.27 |
| 4 | Chase Bank USA | $ 11,418.81 | $ 10,450.84 |
| 5 | Chase Bank USA,N.A. | $ 2,662.59 | $ 2,436.88 |
| 6 | LVNV Funding LLC its successors and assigns as | $ 22,879.40 | $ 20,939.93 |
| 7 | Household Bank (SB), N.A.(Bon Ton) | $ 528.52 | $ 483.72 |

7. Proposed dividends are approximations. Actual dividends may differ due to interest accrual, fee reductions, or as ordered by the Court.

8. The Trustee's Final Report and all applications for compensation are available for inspection at the office of the Clerk of the Bankruptcy Court, Dirksen Federal Courthouse, 219 S. Dearborn Street, 7th Floor, Chicago, Illinois 60604, or may be viewed on the Court's web site, *www.ilnb.uscourts.gov*. If no objections are filed, the Court will act on the fee application(s) and the Trustee may pay dividends pursuant to Federal Rule of Bankruptcy Procedure 3009 without further order of Court.

9. Debtor has been discharged.

10. The Trustee proposed to abandon the following property at the hearing:

Real Estate (40 White Oak Circle, St. Charles, IL) - $200,000.00; Cash - $198.00; Checking Account (Harris Bank) - $380.70; Checking Account (Valley Comm. Bank) – $1,077.46; Savings Account (Valley Comm. Bank) - $122.76; Household Goods – $350.00; Wearing Apparel - $300.00; Fur Coat - $400.00; IRA (Value Line Mutual Funds) - $17,022.55; IRA (Wachovia Securities) - $4,181.47; 100% Ownership in Electrolysis Connection, Inc. - $500.00; 2002 Toyota Camry - $7,600.00.

The Trustee seeks abandonment of said assets because they are subject to Debtor's

       valid claim of exemption and/or a duly perfected lien and are of inconsequential value to the estate.

Dated:   **January 18, 2008**        For the Court,

                          By:   **KENNETH S. GARDNER**
                                  Kenneth S. Gardner
                                  Clerk of the United States Bankruptcy Court
                                  219 S. Dearborn Street, 7th Floor
                                  Chicago, IL  60604